IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
|     Plaintiff, | : CIVIL ACTION NO. 2:13CV1133 |
| | : JUDGE SARGUS |
|   v. | : Magistrate Judge Abel |
| | : |
| TWELVE THOUSAND SIX HUNDRED | : |
| SIXTY-SEVEN AND 00/100 DOLLARS | : |
| ($12,667.00) IN UNITED STATES | : |
| CURRENCY, | : |
| | : |
|     Defendant. | : |

**UNITED STATES OF AMERICA'S MOTION TO STRIKE CLAIM AND ANSWER OF ENRIQUE ALEJANDRO DAVIDOVICH PURSUANT TO SUPPLEMENTAL RULE G(8)(c)**

Now comes Plaintiff, The United States of America, and moves this Honorable Court to strike the Claim and Answer filed by Enrique Alejandro Davidovich pursuant to Rule G(8)(c)(i)(A) for failure to comply with Rule G(6) of the Supplemental Rules for Admiralty and Maritime Claims. The motion is supported by the record in this case and the attached memorandum.

                                              Respectfully submitted,

                                              CARTER M. STEWART
                                              United States Attorney

                                              s/Deborah F. Sanders
                                              DEBORAH F. SANDERS (0043575)
                                              Assistant United States Attorney
                                              Attorney for Plaintiff
                                              303 Marconi Boulevard, Suite 200
                                              Columbus, Ohio 43215
                                              (614)469-5715

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO
STRIKE CLAIM AND ANSWER OF ENRIQUE ALEJANDRO DAVIDOVICH**

I.   **STATEMENT OF THE CASE**

On November 14, 2013, Plaintiff, The United States of America, filed its Verified Complaint for Forfeiture (Doc. 1.) alleging that the personal property known as Twelve Thousand Six Hundred Sixty-Seven and 00/100 Dollars ($12,667.00) in United States Currency (hereinafter referred to as the "Defendant Currency") is forfeitable to Plaintiff pursuant to 21 U.S.C. §881(a)(6) because it constitutes money or other things of value furnished or intended to be furnished in exchange for controlled substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §841 et seq.

On November 22, 2013, the Court, having found probable cause, issued a Warrant of Arrest In Rem directing the United States Marshals Service to arrest the Defendant Currency and provide notice to all potential claimants of the United States' intent to forfeit said property (Doc. 3).  The United States Marshals Service served notice on the Defendant Currency on December 4, 2013 (Doc. 5).

On November 26, 2013, Plaintiff sent Notice To Potential Claimants Of Filing requirements along with copies of the Complaint, Summons and Warrant via certified mail, return receipt requested and/or Federal Express to Enrique Alejandro Davidovich ("Davidovich")

and Attorney John P.M. Rutan.  Plaintiff received confirmation via return receipt that Davidovich received notice on November 27, 2013, and John P.M. Rutan received notice on December 2, 2013. (Doc. 6).

The United States published notice of the seizure and arrest of the Defendant Currency for thirty (30) consecutive days, beginning on November 27, 2013, on an official government internet site (www.forfeiture.gov) (Doc. 8).

On December 26, 2013, Davidovich filed a Claim and Answer generally denying the allegations asserted in the complaint. Davidovich asserted no affirmative defenses.  (Doc. 7).

On February 13, 2014, the Preliminary Pre-Trial Conference was held and during the conference counsel for the government advised the Court and Mr. Rutan of its intent to serve Special Interrogatories.1 Immediately following the Preliminary Pre-Trial Conference, Plaintiff, sent Davidovich via his attorney, John P. M. Rutan, Plaintiff's First Set of Special Interrogatories via email and Federal Express.  Attached as Exhibit A.  The special interrogatories advised Davidovich that the responses were due within twenty-one (21) days of receipt.  Special Interrogatories Attached as Exhibit B. Plaintiff received confirmation that John P. M. Rutan received

---

1 On February 14, 2014, the Court memorialized the matters discussed at the Preliminary Pre-Trial Conference in its Scheduling Order (Doc. 14).  The Order specifically noted the government's intent to serve Special Interrogatories under Rule G(6), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Davidovich's counsel did not object.

Plaintiff's First Set of Special Interrogatories on February 14, 2014. See Attached as Exhibit C. Therefore, Davidovich's responses were due on or before March 7, 2014.

When the responses to the Special Interrogatories were not received by the deadline, government's counsel contacted Davidovich's attorney via email and attempted to resolve the outstanding Special Interrogatories. Declaration of Assistant United States Attorney, Deborah F. Sanders ("Sanders Declaration"). Attached as Exhibit D. In response to government counsel's email, Davidovich's counsel, John P. M. Rutan, advised the government that he was not providing any discovery. See Sanders Declaration at Paragraph 3.

To date, the government has not received any answers to the Special Interrogatories, nor has counsel requested additional time.

**II.  LAW AND ARGUMENT**

Supplemental Rule G(8)(c)(i)(A) provides that the government may move to strike a claim or answer at any time prior to trial for failing to comply with Rule G(5) or (6). Supplemental Rule G(6), of the Supplemental Rules for Certain Admiralty and Maritime Claims states in pertinent part:

4

    (a)    Time and Scope. The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed...

    (b)    Answers or Objections.  Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.

Fed. R. Civ. P. Supp. R. G(6)(a) and (b).

Federal civil forfeiture actions, unlike typical civil proceedings, allow the government to commence limited discovery immediately after a verified claim is filed pursuant to Rule G(6)(a). "The purpose of the rule is 'to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimants standing.'" Supp. R. G advisory committee's note (subdivision (6)).  *United States v. $133,420.00*, 672 F. 3d 629, 635 (9th Cir. 2012).

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions."  18 U.S.C. §983(a)(4)(A); *United States v. 2006 Dodge Charger SRT-8,* 2011 WL 2601028 (E.D. Tenn. June 30, 2011).  "To contest a government forfeiture action, a

claimant must have both statutory standing in accord with CAFRA, and Article III standing required for any action brought in federal court." *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M936428,* 680 F.Supp. 2d 816, 822 (E.D. Mich. 2010) (citing *United States v. $515,060.42,* 152 F.3d 491, 497 (6th Cir. 1998)). "Statutory Standing is established through strict compliance with Supplemental Rules G(5) and G(6)." *2007 Mack Truck* at 822.

    The Government clearly served Davidovich with Plaintiff's First Set of Special Interrogatories prior to the close of discovery. The Special Interrogatories were designed to establish claimant's interest in the Defendant Currency and to determine the source of the Defendant Currency. See Special Interrogatories Attached as Exhibit B. The documents requested by the Government were relevant to Davidovich's claim that the Defendant Currency was his personal property. (Doc. 7 Page 5). Claimant has failed to respond within twenty-one (21) days of service as required. The government sent a follow-up email offering to extend the deadline and advising Davidovich that if he did not respond before March 21, 2014, that the government would move for appropriate relief. The response from counsel for Davidovich was immediate, advising that he was not providing any discovery. Sanders Declaration at Paragraphs 3, 4.

"If a claimant fails to meet the statutory requirements, courts may strike the claim and/or answer on this basis because the claimant lacks standing to defend the forfeiture action."  See *United States v. $4,290.00 in U.S. Currency,* 2014 WL 859561 at *2 (C.D. Ill. March 5, 2014.).  Courts have routinely granted motions to strike claims and answers pursuant to Supplement Rule G(8)(c) for failing to comply with Rule G(6); *See United States v. $27,970.00 in U.S. Currency,* 2010 WL 933762 (S.D.Ga. March 16, 2010); *United States v. $24,000.00 in U.S. Currency,* 2012 WL 1899225 (D.Md. May 23, 2012); *United States v. $12,812.00 in U.S. Currency,* 2012 WL 4062466 (S.D. Ohio September 14, 2012).  In the instant case, Davidovich has not only failed to respond, his counsel had blatantly refused to respond.

As of the filing of this motion, Davidovich has still not answered the government's Special Interrogatories or contacted government counsel to seek an extension.  The government has no expectation that Davidovich will participate in any discovery as his counsel has on not one but two occasions advised the government that he would not provide discovery.  Sanders Declaration at Paragraphs 3, 4.  Therefore, the claim and answer filed by Davidovich should be stricken in accordance with Supplemental Rule G(8).

**III. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests the court strike Davidovich's claim and answer pursuant to Supplemental Rule G(8)(c)(i)(A) as Davidovich has refused to respond to Plaintiff's Special Interrogatories pursuant to Supplemental Rule G(6)(a).

                Respectfully submitted,

                CARTER M. STEWART
                United States Attorney

                s/Deborah F. Sanders
                DEBORAH F. SANDERS (0043575)
                Assistant United States Attorney
                Attorney for Plaintiff
                303 Marconi Boulevard
                Suite 200
                Columbus, Ohio 43215
                (614)469-5715
                Fax: (614)469-5240
                Deborah.Sanders@usdoj.gov

Certificate of Service

I hereby certify that on the 20th day of March, 2014, the foregoing Motion to Strike Claim and Answer was served using the Court's CM/ECF system on John P. M. Rutan, Esq., Attorney for Claimant, Enrique Alejandro Davidovich.

                s/Deborah F. Sanders
                DEBORAH F. SANDERS (0043575)
                Assistant United States Attorney