IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JOHN P. HEHMAN
CLERK
2014 APR -7 AM 11: 31
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. C-2-13-1133 |
| v. | : | JUDGE SARGUS |
| TWELVE THOUSAND SIX HUNDRED SIXTY-SEVEN AND 00/100 DOLLARS ($12,667.00) IN UNITED STATES CURRENCY, | : | Magistrate Judge Abel |
| Defendant. | : | |

### CLAIMANT ENRIQUE ALEJANDRO DAVIDOVICH RESPONSE TO UNITED STATES OF AMERICA MOTION TO STRIKE CLAIM AND ANSWER OF CLAIMANT

**COMES NOW,** the Claimant, Enrique Alejandro Davidovich ("CLAIMANT") files this his Response to Government's UNITED STATES OF AMERICA ("GOVERNMENT") Motion to Strike Claim and Answer of Claimant and requests this Honorable Court deny Government's motion. This response is supported by the record in this case and the attached memorandum.

Respectfully Submitted,

John P.M. Rutan, Esq. (0087019)
336 South High Street
Columbus, OH 43215
(614) 307-4343 Phone
(614) 340-5848 Telecopier
Email: Rutanlaw@gmail.com
*Attorney for Claimant*

# MEMORANDUM IN SUPPORT OF DENYING PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER OF ENRIQUE ALEJANDRO DAVIDOVICH

## I. INTRODUCTION

The Government's basis to seek an order to Strike Claimant's claim is that the Claimant failed to comply with Rule G(6) of the Supplemental Rules for Admiralty and Maritime Claims by failing to respond to Government's special interrogatories. According to the Government, the special interrogatories "were designed to establish claimant's interest in the Defendant Currency and to determine the source of the Currency".

It has been well established that in a forfeiture action, the Burden is on the United States to show a nexus between the money and illegal drug trafficking. The United States must show the money was "more likely than not" used to conduct illegal drug activity. If the United States meets its burden, it than shifts to the claimant to show the money came from lawful resources and was being used for lawful purposes.

To require the Claimant to provide proof of where his money came from unlawfully shifts the burden to the Claimant before the Government has even met there threshold. Moreover, the Claimant has already established his interest in the currency by filing a verified claim, answering the Governments complaint with admissions and denials and by the mere fact the money was taken from him personally at the airport.

## II. ARGUMENT

It has been Claimant's position from the beginning, that the Government cannot meet its burden to show the money taken from Claimants person was used or being used for illegal activity. Contrary to what the Government actually proposes, we do not live in a Country where

the government can take your money and make you prove where it came from. They must first prove its incriminating nature. A step the State is trying to surpass.

In stark contrast to the strict-compliance approach proffered by the Government, numerous courts interpret "pleadings and procedural practices under the Supplemental Rules liberally enough" to allow for an appropriate degree of discretion in cases where the underlying goals of Rule C(6) are not frustrated to ensure that courts decide controversies on the merits. United States v. $80,760.00 in U.S. Currency, 781 F. Supp. 462, (N.D. Tex. 1991); see also United States v. $9,020.00 in United States Currency, 30 Fed. Appx. 855, 858-59 (10th Cir. 2002) (limited precedential value); Various Computers & Computer Equip., 82 F.3d at 585 (recognizing the "time-honored admiralty principle that pleadings and procedural practices in maritime actions should be applied liberally"); United States v. One Parcel Real Prop., 942 F.2d 74, 77 (1st Cir. 1991); United States v. 1 Street A-1, 885 F.2d 994, 999-1000 (1st Cir. 1989) (construing a "verified answer" as both a claim and an answer under Rule C(6)); United States v. Prop. at 4492 S. Livonia Rd., 889 F.2d 1258, 1262 (2d Cir. 1989) (excusing technical noncompliance with procedural rules governing the filing of claims where the claimant made a sufficient showing of interest in the forfeited property).

Moreover, this broad interpretation coincides with the Supreme Court's pronouncement that, in the realm of asset forfeiture, "the dignity of a court derives from the respect accorded to its judgments. That respect is eroded, not enhanced, by too free a recourse to rules foreclosing consideration of claims on the merits." Degen v. United States, 517 U.S. 820, 828, 135 L. Ed. 2d 102, 116 S. Ct. 1777 (1996).

Given the fact that the claimant unequivocally asserts the truth of his claim and the Government proffers nothing indicating that this verification is insufficient, this court should be

satisfied that the claimant adequately verified his claim. *See id.*; see also United States v.$40,000 in U.S. Currency, 763 F. Supp. 1423, 1426 (S.D. Ohio 1991) (observing that the claimant adequately verified her claim when she declared under penalty of perjury that all statements in the claim were true to the best of her knowledge and when the government stated no reason why the verification was inadequate).

### III. CONCLUSION

In essence, the Governments only basis is that the Claimant lacks "Statutory Standing" for not strictly complying with Supplemental Rules (G)(5) and (6). Statutory standing is a prerequisite to contest forfeiture of property seized pursuant to drug enforcement laws. Government of Virgin Islands v. One Honda Accord, 2001 WL 883559 (Terr. V.I. May 30, 2001). This requirement serves the legitimate government purpose of reducing "the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue of his interest in the property. United States v. $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990).

The government's rationale in seeking the aforementioned remedy is to demand the claimant show "a legitimate source" for the purpose of establishing standing. A ruling in favor of the government improperly accelerates the claimant's ultimate burden. The proper view is the government first demonstrate probable cause sufficient to shift the burden to the claimant. See $134,752.00 United States Currency, 706 F.Supp at 1081. See also United States v. 1977 Porsche Carrera, 946 F.2d 30, 33 (5th Cir. 1991).

In this case, the Claimant filed a verified claim under oath, answered the Governments complaint with admissions and denials, spoke with authorities and just as important was how the money was seized; from his person. Since enough evidence has been produced by claimant to

meet the requirements of standing, this Court should deny Government's motion and attempt to avoid their burden of proof. If anything, the appropriate remedy in an action like this would be to preclude Claimant from introducing evidence to demonstrate where the money came from if the Government can even meet their burden of proof in the first place. To rule otherwise is to suggest we live in a County where the Government can take your money and say prove where you got it from. This is not the case, nor should it be.

WHEREFORE, the Claimant respectfully requests this Honorable Court deny Government's motion to strike for the set forth above.

Respectfully Submitted,

_____
John P.M. Rutan, Esq. (0087019)
336 South High Street
Columbus, OH 43215
(614) 307-4343 Phone
(614) 340-5848 Telecopier
Email: Rutanlaw@gmail.com
*Attorney for Claimant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing has been furnished via [ ] Hand Delivery; [ ] Facsimile; [✓] U.S. Mail to the Assistant United States Attorney, Deborah Sanders at the United States Attorney's Office located at 303 Marconi Boulevard, Suite 200 Columbus, OH 43215, on this 4th day of April 2014.

_____
JOHN P.M. RUTAN ESQ.
Attorney for Claimant
Ohio Bar No: 0087019