```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION

UNITED STATES OF AMERICA,        :
                                 :
          Plaintiff,             :  CIVIL ACTION NO. 2:13CV1133
                                 :  JUDGE SARGUS
     v.                          :  Magistrate Judge Abel
                                 :
TWELVE THOUSAND SIX HUNDRED      :
SIXTY-SEVEN AND 00/100 DOLLARS   :
($12,667.00) IN UNITED STATES    :
CURRENCY,                        :
                                 :
          Defendant.             :
```

**UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLAIM AND ANSWER OF ENRIQUE ALEJANDRO DAVIDOVICH**

The United States of America, by its undersigned counsel, hereby files this reply to Claimant's Response to the Government's Motion to Strike Claim and Answer.

**I.   LAW AND ARGUMENT**

   **A.   Summary of Argument**

The United States hereby incorporates the facts and arguments set forth in its Motion to Strike (Doc. 17) and the record in this case.

Essentially, Claimant is arguing about what burden of proof applies, to whom it applies, and when it applies.  According to Claimant, the only burden of proof assigned to the Government is what the Government must meet at trial – i.e., the Government must prove a nexus between the property and illegal drug trafficking.  (Doc.

18, Pg. 2, Pg. Id. 83).  Claimant argues that the Government seeks to require that he meet his burden prematurely by asking him certain questions concerning his legitimate interest in the defendant currency and that he should not have to answer these questions until the Government meets its trial burden.  However, Claimant leap frogs over the Government's burden of proof at the complaint stage, over the standing he is required to show prior to trial, and over the discovery stage to which the Government is entitled that could determine whether claimant in fact has standing to challenge the forfeiture.

It is clear from Claimant's argument and supporting case law that he does not understand the impact the Civil Asset Forfeiture Reform Act ("CAFRA") and Supplemental Rule G has on cases brought after CAFRA's enactment and the adoption of Rule G in 2006.  First and foremost, virtually all of the case law supporting Claimant's argument has been superseded by 18 U.S.C. §983, also known as CAFRA, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  In addition, Claimant has chosen to totally disregard the Supplemental Rules implemented specifically for addressing the issues in a civil forfeiture case in an orderly fashion.

The United States submits that (1) it has met its burden of proof at the complaint stage under CAFRA; (2) that the Government is entitled to seek and obtain answers to its Special Interrogatories; and, (3) Claimant's blatant refusal to answer the Special Interrogatories constitutes non-compliance with the Supplemental Rules, and therefore Claimant lacks standing under CAFRA. Therefore, Claimant's Claim and Answer should be stricken.

**B.   The Government has met its Burden of Proof at the Complaint Stage**

*1.   The Government's Burden at the Complaint Stage*

The Civil Asset Forfeiture Reform Act was enacted in 2001. 18 U.S.C. §983. Any action brought under any civil forfeiture statute must be governed by CAFRA's burden of proof requirement. *United States v. One TRW, Model M14, 7.62 Caliber Rifle*, 441 F.3d 416, 418 (6th Cir. 2006). The burden of proof requirement for the Government under CAFRA is different depending upon the stage of the litigation. At the Complaint stage, the Government need only "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f); *see also United States v. Three Hundred Thirty-Eight Thousand Four Hundred Ninety-Two Dollars ($338,492.00) in U.S. Currency*, No. 11-3072, 2012 WL 3614644, at *2, (W.D. Tenn. Aug. 21, 2012). Rule G was adopted in 2006 and applies to actions governed by CAFRA and

3

was "designed to include the distinctive procedures that govern a civil forfeiture action." Supp. R. G, advisory comm. notes; *United States v. Six Thousand Dollars in U.S. Currency ($6,000.00)*, No. 1:11-cv-692, 2012 WL 2357062, at *2 (S.D. Ohio June 20, 2012).[1] Rule G does not require the Government to "carry its trial burden at the pleading stage." *$6,000*, 2012 WL 2357062, at *2 (*citing United States v. Real Prop. Located at 2323 Charms Road, Milford Twp., Oakland Cnty, Mich.*, 946 F.2d 437, 441 (6th Cir. 1991); *see also* 18 U.S.C. §983(a)(3)(D)("No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property").

   2.   *The Government's Burden at Trial*

Under CAFRA, the Government's burden at trial is "by a preponderance of the evidence, that the property [taken] is subject to forfeiture." 18 U.S.C. §983(c)(1). Claimant asserts that the Government has not met this preponderance standard at the complaint stage; however, the Government is not required to prove its case "simply to get in the courthouse door." *See United States v. Real Prop. Located at 5208 Los Franciscos Way, L.A., Cal.*, 385 F.3d 1187, 1193 (9th Cir. 2004). Yet, Claimant is specifically arguing that the Government is not entitled to any discovery and must prove its

---

1 Virtually every case cited by Claimant in support of his opposition was decided well before CAFRA was enacted and <u>all</u> of them predate the adoption of Supp. R. G.

4

case based upon only that information obtained prior to filing the Complaint.  This is in direct contravention of express statutory language.  Although CAFRA does impose the ultimate burden on the Government of establishing forfeiture by a preponderance of "the evidence at trial, the statute also specifically provides that the Government may use **evidence gathered after the filing of a complaint….**"  18 U.S.C. §983(c)(2)(emphasis added).  This provision would be meaningless if the Government were required to meet the preponderance standard at the Complaint stage.  *Real Prop. Located at 5208 Los Franciscos Way,* 385 F.3d at 1193. Therefore, the only question is whether the Government's Complaint states sufficiently detailed facts to support a reasonable belief that the Government will be able to prove by a preponderance of evidence that the subject currency is more likely than not involved in, used or intended to be used in exchange for controlled substances, or is the proceeds of trafficking of a controlled substance, or was used or intended to be used to facilitate the trafficking of a controlled substance.  If the answer to this question is yes, then Claimant is required to respond to the Government's Special Interrogatories.

### *3. The Government Has Met its Burden at the Complaint Stage*

In the instant case, a Warrant of Arrest In Rem (Doc. 3) found probable cause to believe the subject currency "constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §841 *et seq* and is therefore forfeitable to the United States of America pursuant to 21 U.S.C. §881(a)(6)…" (Doc. 3, Pg. 1-2,Pg. Id. 17-18). The Warrant for Arrest was issued based upon the facts alleged in the Verified Complaint for Forfeiture. Hence, the Government has more than adequately met its burden of proof at the pleading stage.

Now that the Government has met its burden at the pleading stage, the Claimant must establish that he has standing to contest the forfeiture. By refusing to respond to the Government's Special Interrogatories, Claimant has failed to comply with the Supplemental Rules governing standing. Therefore, his Claim and Answer must be stricken.

**C. Claimant Lacks Standing for Failure to Comply with the Supplemental Rules**

Claimant asserts that Government is attempting to unlawfully shift the burden to the claimant before the Government has met its burden. Claimant is wrong. The Government is simply asking

Claimant to do what is required by law to establish he has standing to contest the forfeiture.  See *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 644 (9th Cir. 2012) ("Although the burden of proving that the property is subject to forfeiture is on the government … the burden of establishing standing is on the claimant, see *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); see also Supp. R. G(8)(c)(ii)(B)."  Therefore, standing is a threshold issue on which the claimant bears the burden of proof in every civil forfeiture case*. Real Prop. Located at 5208 Los Franciscos Way,* 385 F.3d at 1191*. see also Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006) (standing is the threshold question in every federal case, determining the power of the court to entertain the suit)(internal citations omitted).  "To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and Article III standing required for any action brought in federal court."  *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428,* 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010).  "Statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6)."  *2007 Mack Truck* 680 F. Supp. 2d at 822.

In Claimant's Answer, he denied the majority of the pertinent factual allegations of the Verified Complaint.  (Doc. 7).  His verified statement of interest simply denies that the money seized

at the Columbus, Ohio airport was "being used or acquired as a result of a violation of the Controlled Substances Act." (*Id.*, Pg. 4, Pg. Id. 33). Claimant goes on to say that the subject currency was his property. (*Id.* at Pg. 5, Pg. Id. 34).

Pursuant to Supplemental Rule G(6), the Government served claimant with Plaintiff's First Set of Special Interrogatories. The Special Interrogatories are designed to establish claimant's legitimate interest in the Defendant Currency and to determine the source of the Defendant Currency. The information requested by the Government is relevant to claimant's claim that the Defendant Currency was his personal property. When claimant failed to respond to the Special Interrogatories within twenty-one (21) days of service as required, the Government sent a follow-up email offering to extend the deadline and advising that if he did not respond before March 21, 2014, that the Government would move for appropriate relief. The response from counsel for claimant was immediate, advising that he was not providing any discovery.

"If a claimant fails to meet the statutory requirements, courts may strike the claim and/or answer on this basis because the claimant lacks standing to defend the forfeiture action." *See United States v. Four Thousand Two Hundred Ninety and 00/100 ($4290.00) in U.S. Currency, Illinois*, No. 12-3141, 2014 WL 859561, at *2 (C.D. Ill. March 5, 2014). Courts have routinely granted motions to strike

8

claims and answers pursuant to Supplemental Rule G(8)(c) for failing to comply with Supplemental Rule G(6).  *See, e.g., United States v. $27,970.00 in U.S. Currency*, No. 1:09-139, 2010 WL 933762 (S.D. Ga. March 16, 2010); *United States v. $24,000.00 in U.S. Currency*, No. ELH-11-2746, 2012 WL 1899225 (D.Md. May 23, 2012); *United States v. Twelve Thousand Eight Hundred Twelve and 00/100 Dollars ($12,812.00) in U.S. Currency*, No. 2:12-cv-183, 2012 WL 4062466 (S.D. Ohio Sept. 14, 2012).  In the instant case, claimant has not only failed to respond, his counsel has blatantly refused to respond and continues to do so.  *See United States v. $321,470.00 in U.S. Currency*, 874 F.2d 298, 303 (5th Cir. 1989)(finding that "property may be forfeited without any showing by the government that it is subject to forfeiture if the only claimant is unable or unwilling to provide evidence supporting his assertion of an interest in the property") (internal citations omitted).  In this case, Claimant is unwilling to provide any evidence supporting his claim, defying the very rules upon which this action is based and daring the Government to prove its case without any discovery from him.  The Supplemental Rules require strict compliance to establish standing.  Claimant has refused to comply with the Supplemental Rules.  Therefore his Claim and Answer should be stricken.

**II. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests the court strike Claimant's Claim and Answer for refusing to strictly comply with the Supplemental Rules.

                        Respectfully submitted,

                        CARTER M. STEWART
                        United States Attorney

                        s/Deborah F. Sanders
                        DEBORAH F. SANDERS (0043575)
                        Assistant United States Attorney
                        Attorney for Plaintiff
                        303 Marconi Boulevard, Suite 200
                        Columbus, Ohio 43215
                        (614)469-5715
                        Fax: (614)469-5240
                        Deborah.Sanders@usdoj.gov

**Certificate of Service**

I hereby certify that on the 21st day of April, 2014, the foregoing Reply in Support of Motion to Strike Claim and Answer was served using the Court's CM/ECF system on: John P. M. Rutan, Esquire, attorney for Claimant Enrique Alejandro Davidovich.

s/Deborah F. Sanders
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
Attorney for Plaintiff
