IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff | : | Civil Action 2:13-cv-01133 |
| v. | : | |
| Twelve Thousand Six Hundred Sixty-Seven and 00/100 Dollars in United States Currency, | : | Magistrate Judge Abel |
| | : | |
| Defendant | : | |

**ORDER**

This matter is before the Court on the United States of America's March 20, 2014 motion to strike the claim and answer of Enrique Alejandro Davidovich pursuant to Rule G(8)(c) of the Supplemental rules for Admiralty and Maritime Claims (doc. 17) and claimant Davidovich's April 11, 2014 motion for a jury trial (doc. 19).

**I.     Background**

On November 14, 2003, plaintiff filed its verified complaint for forfeiture alleging that the personal property known as Twelve Thousand Six Hundred Sixty Seven and 00/100 Dollars ($12,667.00) in United States currency ("the defendant currency")  is forfeitable to plaintiff pursuant to 21 U.S.C. § 881(a)(b) because it constitutes money or other things of value furnished or intended to be furnished in exchange for controlled

1

substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 881 *et seq.*

On November 22, 2013, the Court, having found probable cause, issued a warrant of arrest in rem directing the United States Marshals Service to arrest the defendant currency and provide notice to all potential claimants of the United States' intent to forfeit said property. On December 4, 2013, the United States Marshals Service served notice on the defendant currency.

On November 26, 2013, plaintiff sent notice to potential claimants of the filing requirements along with copies of the complaint, summons and warrant to Enrique Alejandro Davidovich. On December 26, 2013, Davidovich filed a claim and answer generally denying the allegations asserted in the complaint.

On February 13, 2014, plaintiff sent Davidovich its first set of special interrogatories. Plaintiff has not received any answers to the special interrogatories.

    **II.    Arguments of the Parties**

        **A.    Plaintiff United States of America**

Plaintiff argues that Supplemental Rule G(b)(c)(i)(A) of the Supplemental Rules for Admiralty and Maritime Claims provides that the government may move to strike a claim or answer at any time prior to trial for failing to comply with Rule G(5) or (6). Plaintiff maintains that federal civil forfeiture actions, unlike typical civil proceedings, allows the government to commence limited discovery immediately after a verified claim is filed pursuant to Rule G(6)(a). Plaintiff served Davidovich with its special

interrogatories prior to the close of discovery. The interrogatories were designed to establish claimant's interest in the defendant currency and to determine the source of the currency. Claimant has failed to respond to the interrogatories, and counsel for claimant has advised plaintiff that he would not provide discovery. Plaintiff argues that a court may strike the claim and/or answer pursuant to Supplemental Rule G(8)(c) for failing to comply with Rule G(6).

### B. Claimant Davidovich

Davidovich argues that in a forfeiture action, the burden is on the United States to show a nexus between the money and illegal drug trafficking. The United States must show that the money was more likely than not used to conduct illegal drug activity. Only if the United States meets its burden does the burden shift to the claimant to show that the money came from lawful resources and was being used for lawful purposes. Requiring Davidovich to provide proof of where his money came from unlawfully shifts the burden to the claimant before the United States has met its threshold burden. Claimant maintains that he has already established his interest in the currency by filing a verified claim, answering the complaint with admissions and denials, and by the fact that the money was taken from him personally at the airport.

Davidovich argues that courts interpret the Supplemental Rules liberally to allow for a court to exercise discretion in cases where the underlying goals of Rule C(6) are not frustrated to ensure that courts decide controversies on the merits. Claimant argues

that he has unequivocally asserted the truth of his claim, and the United States has not proffered anything indicating that this verification is insufficient.

In response to Davidovich's response, the United States maintains that all the case law supporting plaintiff's argument have been superseded by the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Plaintiff also argues that Davidovich has totally disregarded the Supplemental Rules implemented specifically for addressing the issues in a civil forfeiture case in an orderly fashion.

The United States maintains that (1) it has met its burden of proof at the complaint stage under CAFRA; (2) that the government is entitled to seek and obtain answers to its special interrogatories; and, (3) claimant's refusal to answer the special interrogatories constitutes non-compliance with the supplement rules and lacks standing under CAFRA as a result.

**III.    Discussion**

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A). To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in federal court. *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir.1998) (citing *United States v.*

*$267,961.07*, 916 F.2d 1104, 1107 (6th Cir.1990)). Statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6), and failure to satisfy the statutory standing requirements precludes a claimant from contesting a government forfeiture action. *United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004).

Under Rule G(8) of the Supplemental Rules for Admiralty and Maritime Claims, "at any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6) . . . . " Rule G(6) permits the government to serve special interrogatories limited to the claimant's identity and relationship to the defendants property. Answers or objections to these interrogatories must be served within 21 days after the interrogatories were served. Rule G(6)(B).

Here, the claimant has refused to respond to the interrogatories. Although Davidovich correctly argues that it is the government's burden of proving by a preponderance of the evidence that the evidence is taken is subject to forfeiture, the government is not required to prove its case at this stage of the proceedings. CAFRA specifically provides that the government may use evidence gathered after the filing of a complaint. 18 U.S.C. § 983(c)(2). The government has met its burden at the complaint stage. By refusing to respond to the special interrogatories, the claimant has failed to establish that he has standing under CAFRA to contest the forfeiture.

**V.    Conclusion**

For the reasons stated above, United States of America's March 20, 2014 motion to strike the claim and answer of Enrique Alejandro Davidovich pursuant to Rule G(8)(c) of the Supplemental rules for Admiralty and Maritime Claims (doc. 17) is GRANTED.  Claimant Davidovich's April 11, 2014 motion for a jury trial (doc. 19) is DENIED as MOOT.

s/Mark R. Abel
United States Magistrate Judge
